# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
### PITTSBURGH DIVISION

| | | |
|---|---|---|
| **KALVEN METZ, individually** | § | |
| **and on behalf of all others** | § | |
| **similarly situated,** | § | |
| | § | **Docket No.** |
| **Plaintiff,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **v.** | § | |
| | § | **COLLECTIVE ACTION** |
| | § | **PURSUANT TO 29 U.S.C. § 216(b)** |
| **KEANE FRAC TX, LLC;** | § | **CLASS ACTION, FRCP 23** |
| **KEANE FRAC ND, LLC;** | § | |
| **KEANE FRAC GP, LLC;** | § | |
| **KEANE FRAC, LP; and** | § | |
| **KEANE GROUP, LLC** | § | |
| | § | |
| **Defendants.** | § | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1.     Kalven Metz ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") and Pennsylvania Minimum Wage Act ("PMWA") from Keane Frac TX, LLC; Keane Frac ND, LLC; Keane Frac GP, LLC; Keane Frac, LP; and Keane Group, LLC (together "Defendants"). Plaintiff and others workers like him, were typically scheduled for 12 hour shifts, 7 days a week, for weeks at a time in the oilfield. However, these workers never received overtime for hours worked in excess of 40 in a single workweek. Instead of paying overtime as required by the FLSA and PMWA, Defendants paid Plaintiff a hybrid base salary and job bonus. This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II. JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b). The Court also has federal jurisdiction over the state law class action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4.     Defendants perform substantial amounts of business in this district and division.

5.     The Plaintiff and the Class Members worked within this district and division.

## III. THE PARTIES

6.     Plaintiff worked for Defendants during the relevant statutory time period as a Field Engineer. His consent to be a party plaintiff is attached as Exhibit A.

7.     The nationwide class of similarly situated workers paid a salary and a bonus with no overtime ("FLSA Class") consists of:

> **ALL OILFIELD PERSONNEL EMPLOYED BY KEANE FRAC TX, LLC; KEANE FRAC ND, LLC; KEANE FRAC GP, LLC; KEANE FRAC, LP; AND KEANE GROUP, LLC IN THE PAST 3 YEARS WHO WERE PAID A BASE SALARY AND JOB BONUSES**

8.     Plaintiff also brings this action on behalf of all similarly situated employees employed by Defendant in Pennsylvania. These individuals worked in Pennsylvania and were subjected to the same unlawful policy as Plaintiff.  The Pennsylvania class is properly defined as follows:

> **ALL OILFIELD PERSONNEL EMPLOYED BY KEANE FRAC TX, LLC; KEANE FRAC ND, LLC; KEANE FRAC GP, LLC; KEANE FRAC, LP; AND KEANE GROUP, LLC IN THE PAST 3 YEARS IN PENNSYLVANIA WHO WERE PAID A BASE SALARY AND JOB BONUSES. ("PMWA**

Class")

9.      Keane Frac TX, LLC does business in the Western District of Pennsylvania. Keane Frac TX may be served through its registered agent C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

10.     Keane Frac ND, LLC does business in the Western District of Pennsylvania. Keane Frac ND may be served through its registered agent C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

11.     Keane Frac GP, LLC does business in the Western District of Pennsylvania. Keane Frac GP may be served through its registered agent C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

12.     Keane Frac, LP does business in the Western District of Pennsylvania. Keane Frac may be served through its registered agent C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

13.     Keane Group, LLC is a foreign limited liability company doing business in the Western District of Pennsylvania. Keane Group may be served through its registered agent C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

14.     Together, Defendants are joint employers under the FLSA. *See* http://keanegrp.com/

## IV. COVERAGE UNDER THE FLSA

15.     At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16.     At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

3

17.     At all times hereinafter mentioned, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18.     At all times hereinafter mentioned, Plaintiff and the Class Members were engaged in commerce or in the production of goods for commerce.

## V.  FACTS

19.     Defendants operate together an oilfield service company offering a wide range of services to the oil and gas industry in states such as Pennsylvania, West Virginia, North Dakota, and Texas.

20.     Largely, Defendants focus on providing hydraulic fracturing, wireline, and top hole air drilling services.

21.     To perform these services, Defendants employ numerous oilfield workers, such as Plaintiff – a Field Engineer.

22.     Plaintiff and other workers like him spend the majority of their time rigging up, operating, and rigging down oilfield equipment. Further, they monitor well treatment, test fluids, complete company/client checklists, and any other routine job procedures.

23.     Plaintiff and his co-workers must perform their job in strict compliance with Defendants' company policies. Defendants prohibit their employees from varying outside of the predetermined job duties.

24.     The duties performed by Defendants' oilfield employees are largely manual in nature, requiring the employees to work with their hands using wrenches, hammers, hydraulics, and other oilfield tools.

25.     These workers also must wear PPE because their job is dangerous and exposes them to chemicals, sharp objects, and other hazards.

26.     Indeed, Defendants' employees' job duties are *non-exempt* duties under the FLSA and PMWA.

27.     Defendants also schedule their employees to work well in excess of 40 hours a week.

28.     Generally, employees are scheduled for 12 hours a day, 7 days a week. This means employees work on average 84 hours a week.

29.     Despite working substantial overtime, Defendants' employees do not receive overtime pay.

30.     Defendants maintain a policy and practice of paying this group of oilfield workers a salary and job bonus, regardless of the number of hours worked.

31.     In fact, Plaintiff received a base salary of $70,000.00 and a guaranteed job bonus of $800.00 per week. Plaintiff never received additional compensation for hours worked in excess of 40 in a workweek.

32.     Plaintiff and his co-workers are truly *non-exempt* employees under the FLSA.

33.     Plaintiff and his co-workers did not perform executive or administrative functions, such as supervising 2 or more employees for 80 hours or more a week, they did not hire or fire others, they were not allowed to make independent decisions or exercise discretion.

34.     To the extent Plaintiff's and his co-workers' job duties or rates of pay varied, these differences do not matter for the purposes of determining their right to overtime pay.

35.     Uniformly, Plaintiff and his co-workers were subjected to the same illegal pay practice for similar work.

36.     As the controlling law makes clear, Plaintiff and his co-workers are *non-exempt* employees. Therefore, Defendants owe back overtime wages to all Class Members.

## VI. FLSA VIOLATIONS

37.     As set forth herein, Defendants violated the FLSA by failing to pay Plaintiffs and his co-workers overtime for hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207(a).

38.     Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs and his co-workers overtime compensation. Defendant's failure to pay overtime compensation and intentional misclassification of these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

39.     Accordingly, Plaintiff and his co-workers are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

## VII.     VIOLATION OF PENNSYLVANIA MINIMUM WAGE ACT

40.     The conduct alleged above violates the PMWA (43 Pa. Stat. Ann. § 333.104) for employees who work in Pennsylvania for Defendants.

41.     At all relevant times, Defendants were subject to the requirements of the PMWA.

42.     At all relevant times, Defendants employed Plaintiff, and each member of the Pennsylvania Class, as an "employee" within the meaning of the PMWA.

43.     The PMWA require employers like Defendants to pay employees at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week. Plaintiff and the Pennsylvania Class Members were entitled to overtime pay under the PMWA. Instead, Defendants paid Plaintiff and the Pennsylvania Class Members a salary and job bonuses.

44.     Defendants have a policy and practice of failing to pay overtime to Plaintiff and the other Pennsylvania Class Members for hours worked in excess of 40 hours per workweek.

45.     Plaintiff and the Pennsylvania Class Members seek unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

46.     Plaintiff and the Pennsylvania Class Members also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the PMWA.

## VIII.   CLASS AND COLLECTIVE ACTION ALLEGATIONS

47.     Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendant imposed on Plaintiff were likewise imposed on the Putative Class Members.

48.     Plaintiff and all Class Members have been victimized by Defendant's pattern, practice, and/or policy which is in willful violation of the FLSA and PMWA.

49.     Many Class Members worked with Plaintiff and reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA and PMWA.

50.    Thus, Defendants imposed their illegal practice or policy on Plaintiff and all Class Members regardless of any individualized factors.

51.    Plaintiff and all Class Members received a salary and day-rate, regularly worked in excess of forty (40) hours per week, and were not paid overtime compensation. Further, all Class Members were misclassified by Defendants.

52.    These employees are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of relevant job duties, pay provisions, and employment practices.

53.    Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA and PMWA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any Class Members.

54.    Plaintiff's experiences are therefore typical of the experiences of the Putative Class Members.

55.    The specific job titles or precise job locations of the various Putative Class Members do not prevent class or collective treatment.

56.    Plaintiff has no interests contrary to, or in conflict with, the members of the Classes. Like each Putative Class Member, Plaintiff has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

57.    A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

58.    Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA and applicable state labor laws.

59.     Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

60.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

61.     The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

> a.  Whether Defendant employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA and PMWA.
>
> b.  Whether the Putative Class Members were properly classified as exempt from the overtime requirements;
>
> c.  Whether Defendant's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;
>
> d.  Whether Defendant's violation of the FLSA and PMWA was willful; and
>
> e.  Whether Defendant's salary and job bonus pay practices were applied uniformly across the nation to all Putative Class Members.

62.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

63.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## IX. JURY DEMAND

64.    Plaintiff demands a trial by jury.

## X.  RELIEF SOUGHT

65.    WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a.   For an Order certifying class action(s) under Rule 23 for the purposes of the claims under Pennsylvania law;

b.   For an Order certifying this case as a collective action for the purposes of the FLSA claims;

c.   For an Order finding Defendants liable for violations of state and federal wage laws with respect to Plaintiff and all Class Members covered by this case;

d.   For a Judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Plaintiff and all Class Members covered by this case;

e.   For a Judgment awarding Plaintiff and all Class Members covered by this case their costs of this action;

f.   For a Judgment awarding Plaintiff and all Class Members covered by this case their attorneys' fees;

g.   For a Judgment awarding Plaintiff and all Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law;

h.   For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Joshua P. Geist*
Joshua P. Geist
PA. I.D. No. 85745
Goodrich & Geist, P.C.
3634 California Ave.
Pittsburgh, PA 15212
Tel: 412-766-1455
Fax: 412-766-0300
josh@goodrichandgeist.com

AND

Michael A. Josephson
Pennsylvania Bar No. 308410
Texas Bar No. 24014780
*(pending pro hac vice)*
Andrew Dunlap
Texas Bar No. 24078444
*(pending pro hac vice)*
Lindsay R. Itkin
Texas Bar No. 24068647
*(pending pro hac vice)*
Jessica M. Bresler
State Bar No. 24090008
*(pending pro hac vice)*
**FIBICH, LEEBRON, COPELAND
BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com
litkin@fibichlaw.com
jbresler@fibichlaw.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
*(pending pro hac vice)*
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**